UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: TREASURY SECURITIES AUCTION
ANTITRUST LITIGATION                                           MDL No. 2673

TRANSFER ORDER

**Before the Panel:**[*]  Plaintiffs in two actions in the Southern District of New York move under 28 U.S.C. § 1407 to centralize this litigation in that district. This litigation currently consists of 25 actions pending in three districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of 14 related actions.[1] The actions allege that over 20 defendant banks conspired to manipulate Treasury securities auctions overseen by the Federal Reserve Bank of New York, as well as the market for derivative financial products.[2]

All responding plaintiffs and defendants support centralization, but they disagree on the transferee district. Plaintiffs in 23 actions on the motion and four potential tag-along actions support centralization in the Southern District of New York. This district also has the unanimous support of the defendants. Plaintiffs in the Northern District of Illinois action on the motion, one Southern District of New York action (*Varner*), and three potential tag-along actions request the Northern District of Illinois.

---

[*] Judge Marjorie O. Rendell, Judge Lewis A. Kaplan, and Judge Ellen Segal Huvelle took no part in the decision of this matter. Additionally, certain Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] Defendants are: Bank of Nova Scotia, New York Agency; BMO Capital Markets Corp.; BNP Paribas Securities Corp.; Barclays Capital Inc.; Cantor Fitzgerald & Co.; Citigroup Global Markets Inc.; Credit Suisse Securities (USA) LLC; Daiwa Capital Markets America Inc.; Deutsche Bank Securities Inc.; Goldman, Sachs & Co.; HSBC Securities (USA) Inc.; Jefferies LLC; J.P. Morgan Securities LLC; Merrill Lynch, Pierce, Fenner & Smith Inc.; Mizuho Securities USA Inc.; Morgan Stanley & Co. LLC; Nomura Securities International Inc.; RBC Capital Markets, LLC; RBS Securities Inc.; SG Americas Securities (USA) LLC; TD Securities (USA) LLC; UBS Securities LLC; Bank of America Corp.; Commerz Markets LLC; Countrywide Securities Corp.; and CIBC World Markets Corp.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK
BY _[signature]_
Deputy Clerk

-2-

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share common factual questions arising out of allegations that over 20 financial institutions, referred to as primary dealers, conspired to manipulate the pricing of (1) U.S. Treasury securities (Treasury bills, notes, bonds, and related debt instruments) at Treasury auctions overseen by the Federal Reserve Bank of New York; and (2) derivative financial products, such as Treasury futures and options, that are based on or otherwise tied to the price of Treasury securities. In particular, all actions allege that the manipulation of pricing information by defendants occurred in the "when issued" market – the pre-auction period between the date the Federal Reserve Bank of New York announces the details of an upcoming auction and the date the new securities are issued. Discovery is likely to involve numerous third parties, including the Federal Reserve Bank of New York, the New York Department of Financial Services, and former primary dealers of Treasury securities and their employees. Additionally, all actions are on behalf of overlapping putative nationwide classes of persons and entities who transacted in Treasury securities, derivatives, and financial products linked to the interest rates of Treasury securities, and assert claims under the Sherman Act and the Commodity Exchange Act. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Southern District of New York is the appropriate transferee district for this litigation. Nearly all defendants have their U.S. headquarters in or near New York or conduct their operations concerning Treasury securities there. The Federal Reserve Bank of New York, which oversees the Treasury auctions at issue, also is located in this district. Moreover, the vast majority of actions are pending in this district. Judge Paul G. Gardephe, who presides over 30 actions in that district, is an experienced transferee judge. We are confident he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Paul G. Gardephe for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_Sarah Vance_

Sarah S. Vance
Chair

Charles R. Breyer          R. David Proctor
Catherine D. Perry

IN RE: TREASURY SECURITIES AUCTION
ANTITRUST LITIGATION                               MDL No. 2673

## SCHEDULE A

Northern District of Illinois

THE POLICE RETIREMENT SYSTEM OF ST. LOUIS v. BANK OF NOVA SCOTIA,
    NEW YORK AGENCY, ET AL., C.A. No. 1:15-08417

Southern District of New York

STATE-BOSTON RETIREMENT SYSTEM v. BANK OF NOVA SCOTIA, NEW
    YORK AGENCY, ET AL., C.A. No. 1:15-05794
BEAVER COUNTY EMPLOYEES' RETIREMENT FUND, ET AL. v. BANK
    OF NOVA SCOTIA, NEW YORK AGENCY, ET AL., C.A. No. 1:15-05807
ARKANSAS TEACHER RETIREMENT SYSTEM v. BANK OF NOVA SCOTIA,
    NEW YORK AGENCY, ET AL., C.A. No. 1:15-05830
FEDERIGHI v. BANK OF NOVA SCOTIA, NEW YORK AGENCY, ET AL.,
    C.A. No. 1:15-05843
UNITED FOOD AND COMMERCIAL WORKERS UNION AND PARTICIPATING
    FOOD INDUSTRY EMPLOYERS TRI-STATE PENSION FUND v. BANK OF
    NOVA SCOTIA, NEW YORK AGENCY, ET AL., C.A. No. 1:15-05931
INTER-LOCAL PENSION FUND GRAPHIC COMMUNICATIONS CONFERENCE
    OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS v. BANK OF
    NOVA SCOTIA, NEW YORK AGENCY, ET AL., C.A. No. 1:15-05939
UNITED INTERNATIONAL INSURANCE COMPANY v. BANK OF NOVA
    SCOTIA, NEW YORK AGENCY, ET AL., C.A. No. 1:15-05957
IBEW LOCAL 640 ARIZONA CHAPTER NECA PENSION TRUST FUND v. BMO
    CAPITAL MARKETS CORP., ET AL., C.A. No. 1:15-06003
CITY OF PONTIAC POLICE AND FIRE RETIREMENT SYSTEM, ET AL. v. BANK
    OF NOVA SCOTIA, NEW YORK AGENCY, ET AL., C.A. No. 1:15-06072
RUTGERS ENHANCED INSURANCE COMPANY v. BANK OF NOVA SCOTIA,
    NEW YORK AGENCY, ET AL., C.A. No. 1:15-06129
ST. JOHN v. BANK OF NOVA SCOTIA, NEW YORK AGENCY, ET AL.,
    C.A. No. 1:15-06139
OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM v. BANK
    OF NOVA SCOTIA, NEW YORK AGENCY, ET AL., C.A. No. 1:15-06474
CLEVELAND BAKERS AND TEAMSTERS PENSION FUND, ET AL. v. BANK OF
    NOVA SCOTIA, NEW YORK AGENCY, ET AL., C.A. No. 1:15-06782
UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1776 &
    PARTICIPATING EMPLOYERS PENSION FUND v. BANK OF NOVA SCOTIA,
    NEW YORK AGENCY, ET AL., C.A. No. 1:15-06853

- A2 -

FOUTS v. BANK OF NOVA SCOTIA, NEW YORK AGENCY, ET AL.,
   C.A. No. 1:15-06892
EMPLOYEES RETIREMENT SYSTEM OF RHODE ISLAND, ET AL. v. BANK OF
   NOVA SCOTIA, NEW YORK AGENCY, ET AL., C.A. No. 1:15-07006
CITY OF ATLANTA FIREFIGHTERS' PENSION FUND v. BANK OF
   NOVA SCOTIA, NEW YORK AGENCY, ET AL., C.A. No. 1:15-07111
VARNER v. BANK OF NOVA SCOTIA, NEW YORK AGENCY, ET AL.,
   C.A. No. 1:15-07325
FRANKLIN, ET AL. v. BANK OF NOVA SCOTIA, NEW YORK AGENCY, ET AL.,
   C.A. No. 1:15-07329
LABORERS LOCAL 100 AND 397 HEALTH AND WELFARE FUND, ET AL. v.
   BANK OF NOVA SCOTIA, NEW YORK AGENCY, ET AL., C.A. No. 1:15-07385
BANK OF JERUSALEM, LTD. v. BANK OF NOVA SCOTIA, NEW YORK
   AGENCY, ET AL., C.A. No. 1:15-07390
ALASKA ELECTRICAL PENSION FUND v. BANK OF NOVA SCOTIA, NEW
   YORK AGENCY, ET AL., C.A. No. 1:15-07420
ENDEAVOR TRADING, LLC v. BANK OF NOVA SCOTIA, NEW YORK AGENCY,
   ET AL., C.A. No. 1:15-07481

District of Virgin Islands

EMPLOYEES' RETIREMENT SYSTEM OF THE GOVERNMENT OF THE
   VIRGIN ISLANDS v. BANK OF NOVA SCOTIA, NEW YORK AGENCY,
   ET AL., C.A. No. 1:15-00055