**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TREASURY SECURITIES AUCTION ANTITRUST LITIGATION | No. 1:15-md-02673 (PGG) |
| This Document Relates To: ALL CASES | |

**APPLICATION TO APPOINT LABATON SUCHAROW LLP AS INTERIM CO-LEAD CLASS COUNSEL ALONGSIDE COHEN MILSTEIN SELLERS & TOLL PLLC AND QUINN EMANUEL URQUHART & SULLIVAN, LLP**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF THE CASE.......................................................................................... 6

ARGUMENT .................................................................................................................... 7

I.      The Court Should Appoint Mr. Himes and Labaton Sucharow as Interim Co-Lead Class Counsel ........................................................................................................ 7

      A.      Labaton Sucharow Has Performed Extensive Work Developing the Claims That Resulted in the First-Filed Complaint and All Three Firms Have Advanced the Case Forward ............................................................... 8

      B.      Labaton Sucharow, Cohen Milstein, and Quinn Emanuel are Highly Experienced in Handling Complex Antitrust Class Action Litigation ................ 10

      C.      Labaton Sucharow, Cohen Milstein, and Quinn Emanuel Have the Resources to Effectively Represent the Best Interests of the Proposed Class ................................................................................................... 14

CONCLUSION................................................................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apple iPhone Antitrust Litig.*,
  No. C 11-06714, 2012 WL 1514828 (N.D. Cal. Apr. 9, 2012) ................................................8

*In re HSBC Bank USA, N.A. Debit Card Overdraft Fee Litig.*,
  No. 13-MD-2451, 2013 WL 3816597 (E.D.N.Y. July 22, 2013) ............................................8

*In re Mun. Derivatives Antitrust Litig.*,
  252 F.R.D. 184 (S.D.N.Y. 2008) ........................................................................................8, 9

**Rules**

Fed. R. Civ. P. 23(g)(1)(A) ..............................................................................................8

Fed. R. Civ. P. 23(g)(1)(B) ..............................................................................................8

Plaintiffs State-Boston Retirement System and Arkansas Teacher Retirement System respectfully move this Court for an Order appointing Jay L. Himes and Labaton Sucharow LLP as Interim Co-Lead Class Counsel, together with Faith Gay of Quinn Emanuel Urquhart & Sullivan, LLP and J. Douglas Richards of Cohen Milstein Sellers & Toll PLLC. After the Court appointed these three individuals and their firms as Temporary Co-Lead Counsel, the three worked cooperatively and diligently to manage the plaintiffs' side of the litigation as it began to proceed. Each individual and each firm is independently qualified to be appointed lead counsel. Together, the three firms will provide the Class with formidable experience and expertise— qualities needed to litigate effectively against the defendants, many of the largest financial institutions in the world.

## PRELIMINARY STATEMENT

Leadership is anchored in initiative—the ability and willingness to act, and to act alone if need be. That is what Labaton Sucharow did here. After retaining a pre-eminent expert on auctions to analyze available trading data, and after a multi-faceted industry investigation, we filed the first case in the nation to allege a price-fixing conspiracy in the Treasuries market. We filed a second case soon thereafter. Our cases then became the model for most of the other subsequently-filed cases. Quinn Emanuel and Cohen Milstein filed complaints with complementary expert analysis that further developed the claims.

While many of the firms whom we understand to be applying as lead counsel have fine credentials, in this case Labaton Sucharow is one of the very few firms to have retained eminent experts and developed original analyses forming the basis for the antitrust and Commodity Exchange Act claims pleaded. Cohen Milstein and Quinn Emanuel likewise engaged leading experts to develop their own complaints. All three firms have thus distinguished themselves as well-qualified to serve together as Interim Co-Lead Class Counsel.

Cohen Milstein and Quinn Emanuel detail their qualifications in their individual companion motions. We summarize here the factors that warrant Labaton Sucharow's appointment:

***Factual work done to investigate potential claims***: Our first-filed case is based on our own independent investigation. There was no government indictment or civil complaint, and no plea or consent decree, to consult for guidance. Instead, we invested substantial time, energy, and resources to develop the first complaint. Besides engaging and working with our auction and industry experts (described below), our pre-complaint investigation included: (1) collaborating with industry consultants and others knowledgeable in the Treasuries market; (2) using the firm's in-house investigators to scour the market for information; (3) enlisting the firm's in-house financial analysts to review market and client data; (4) reviewing Treasury market studies, reports, and other industry publications, as well as defendants' public statements and other filings on the Treasuries market; and (5) researching legal support for the claims.

***Expert work***: To assist in analyzing the Treasuries market, we retained Auctionomics, one of the world's pre-eminent expert firms on auction design and bidder consulting services in high-stakes auctions. Among the clients that the firm has advised are the U.S. Treasury Department and the Federal Communications Commission, government agencies in Canada and Mexico, and corporations such as Google, Microsoft, and Comcast.

Auctionomics' co-founder and Board Chairman, Paul Milgrom, is Stanford University's Shirley R. and Leonard W. Ely Jr. Professor of Humanities and Sciences. Auctionomics' other co-founder and CEO, Dr. Silvia Console Battilana, has consulted on major auctions in the United States, Canada, Australia, Europe, Africa, and Latin America. The firm includes as members of its Board of Advisors and as consultants Professors Alvin Roth and Kenneth Arrow, both Nobel

Prize Laureates in Economics, Reed Hundt, former FCC Chair, and Jonathan Levin, Dean of Stanford's Graduate School of Business.

We also turned for support to PF2 Securities, experts in the dynamics of fixed-income financial markets, such as those in which Treasury instruments trade. PF2 regularly advises on market norms and standards, and specifically on whether unusual activities or price movements are within the bounds of normality, or are, instead, statistically significant outliers.

This expert work supported not only our two complaints, but also was relied on in many of the later complaints filed here.

*Advancing the litigation*: Following the filing of the first complaint, we have continued to invest significant time and resources in moving the litigation forward. We prepared and filed the Section 1407 transfer motion before the Judicial Panel on Multidistrict Litigation, and, with Quinn Emanuel, we successfully argued the transfer to this district. In addition to continuing our factual and legal investigation, including conferring with government officials about the case, we entered into stipulations with defendants early on to facilitate orderly case procedure, and we worked cooperatively with other plaintiffs' counsel to organize the case and to jointly perform various tasks. Upon the Court's appointment of Mr. Himes as one of the Temporary Co-Lead Counsel, we worked efficiently and effectively with Quinn Emanuel and Cohen Milstein on the matters directed by the Court.

*Assistance as Temporary Co-Lead Counsel*: More specifically, within days of their appointment, Temporary Co-Lead Counsel invited all plaintiffs' counsel to comment on the case organization topics listed in the Court's Order. After receiving responses, Temporary Co-Lead Counsel convened a conference call that attorneys from more than 35 firms joined. Temporary Co-Lead Counsel described their thinking on the case organization topics and other counsel

offered their own comments and suggestions. After receiving this input, Temporary Co-Lead Counsel circulated two drafts that culminated in their July 14, 2016 letter to the Court on case organization matters (Dkt. No. 44).

Similarly, to prepare their July 21 status letter (Dkt. No. 47) and their July 29 letter with its accompanying proposed conference agenda and case schedule (Dkt. No. 52), Temporary Co-Lead Counsel circulated draft letters to the all plaintiffs' counsel and solicited their comments. These email invitations went to more than 150 attorneys from over 50 firms. Moreover, in negotiating the proposed August 22 conference agenda and case schedule with defense counsel, Temporary Co-Lead Counsel not only distributed to plaintiffs' counsel the proposed agenda and schedules exchanged with defendants, but also sent defense counsel agenda suggestions from other plaintiffs' counsel.

Their track record to date demonstrates that Labaton Sucharow, Cohen Milstein, and Quinn Emanuel offer to the proposed Class the strongest array of expertise and experience to prosecute this litigation.

*Extensive antitrust and financial products experience*: Labaton Sucharow's Antitrust & Competition Practice Group has successfully prosecuted numerous antitrust class actions over the last 25 years. Serving as sole lead or co-lead counsel in many large, complex antitrust class actions, we have recovered billions for injured class members. We have particular expertise litigating antitrust cases involving price-fixing and manipulation in financial markets, such as those at issue here. For example, the firm currently serves as co-lead counsel or class counsel in financial product cases involving platinum and palladium and related financial derivatives; foreign exchange; supranational, sub-sovereign, and agency bonds; interest rate swaps; and credit default swaps—all in the Southern District of New York.

4

***Knowledge of the law***: With decades of experience, Labaton Sucharow is highly knowledgeable in antitrust and class action law and practice. Our antitrust practice group is co-chaired by Mr. Himes, formerly the New York Attorney General's top antitrust official, and Gregory Asciolla, a former trial attorney in the U.S. Department of Justice's Antitrust Division. In addition, we will be able to draw from the experience and expertise of our nationally-recognized Securities Litigation Group, which can provide invaluable insight on the financial markets and products here, as well as analysis from its data team. Few other firms have such synergies.

***Resources***: Labaton Sucharow on its own has the substantial financial and personnel resources to prosecute this case to its conclusion—including trial and appeal if necessary. The firm has already demonstrated its ability and commitment in its investigation and litigation efforts to date. Our own resources, augmented by those of Quinn Emanuel and Cohen Milstein, assure that this case will be litigated effectively in the best interests of the class against the largest banks in the world.

***Reputational credibility***: Labaton Sucharow's reputation in the legal community similarly provides the credibility needed to successfully litigate against the nation's top defense firms. We have been recognized by our peers, adversaries, and clients as among the pioneers and leaders in the class action field, earning premier rankings in *Chambers USA*, *Benchmark Plaintiff*, and *The Legal 500*, as well as in *Law360* (Most Feared Plaintiffs' Firms; Practice Group of the Year—Class Action), and *Global Competition Review* (Leading Firms and Lawyers for Antitrust Plaintiffs' Work). *The National Law Journal* has recognized Labaton Sucharow as one of the country's leading plaintiffs' class action firms for the past ten consecutive years. Cohen Milstein and Quinn Emanuel provide similarly distinctive credentials.

*Representative clients*: In this litigation, Labaton Sucharow represents two large, sophisticated pension funds—Boston Retirement and Arkansas Teacher —both of whom have significant experience acting as class representatives in complex securities and antitrust class actions. Boston Retirement and Arkansas Teacher have over $5 billion and $15 billion in assets under management, respectively. Both are knowledgeable about the issues in this case and will offer their expertise to vigorously pursue the litigation in the interests of the proposed Class. Cohen Milstein and Quinn Emanuel bring to the litigation comparable sophisticated plaintiffs.

Accordingly, as we set forth more fully below, the Court should appoint Mr. Himes and Labaton Sucharow as Interim Co-Lead Class Counsel, together with Ms. Gay and Quinn Emanuel, and Mr. Richards and Cohen Milstein. Significantly, Berger & Montague, P.C., Hagens Berman Sobol Shapiro LLP, and Robbins Geller Rudman & Dowd LLP, themselves all leading plaintiffs' class action and complex litigation firms, support our applications for appointment.

## STATEMENT OF THE CASE

To help finance the operations of the United States government, the Department of the Treasury regularly issues debt instruments through auctions conducted by the Federal Reserve Bank of New York. Treasury instruments also serve as benchmarks for interest rates and pricing various other assets, including student loan debt, bonds, interest rate swaps, and exchange-traded Treasury futures and options. Defendants are current or former primary dealers of Treasury instruments. As such, they are required to participate in all Treasury auctions of U.S. government debt and to make reasonable markets in U.S. debt instruments.

As the largest dealers in the Treasury market, defendants have unrivaled access to market information, which allows them to anticipate their own market exposure and to predict price movements. Defendants enhanced their informational advantage by sharing proprietary customer

information and order flows. Defendants used their privileged position to subvert the proper operation of the Treasuries market by colluding to manipulate Treasury Department auctions and the pricing of Treasury instruments in the "when-issued market"—the period between the auction's announcement and the issuance (delivery) of the auctioned instruments—as well as in the secondary market after the auction.

As a result of defendants' conspiracy, entities that invested in Treasury instruments paid more (or received less) for these financial products than they would have in a competitive market. Defendants' suspected misconduct has drawn the attention of the U.S. Department of Justice, the New York Department of Financial Services, and the Commodity Futures Trading Commission, each of which has requested materials from various primary dealers.

Plaintiffs Boston Retirement and Arkansas Teacher are defined-benefit governmental pension plans, each of which manages billions of dollars of assets. Boston has more than 34,000 beneficiaries associated with the City of Boston, and Arkansas Teacher more than 124,000 employees of Arkansas public schools and educationally-related agencies. Both plaintiffs purchased Treasury instruments in the United States from one or more of the defendants. Labaton Sucharow filed the first complaint, on behalf of Boston Retirement, on July 23, 2015. We filed our complaint on behalf of Arkansas Teacher on July 24, 2015.

## ARGUMENT

### I.   The Court Should Appoint Mr. Himes and Labaton Sucharow as Interim Co-Lead Class Counsel

"When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008). Rule 23(g)(1)(A) instructs the Court to consider: (i) the work counsel has done in identifying or investigating potential claims in the

action; (ii) counsel's experience in handling class actions, other complex litigation, and the types

of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the

resources counsel will commit to representing the class. The Court may also consider "any other

matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."

Fed. R. Civ. P. 23(g)(1)(B).

> **A.**    **Labaton Sucharow Has Performed Extensive Work Developing the Claims That Resulted in the First-Filed Complaint and All Three Firms Have Advanced the Case Forward**

Upon learning via public sources that the Department of Justice was investigating

manipulation of the Treasuries market, we committed substantial time and financial resources to

investigating defendants' conduct, and to developing claims supported by the facts and the law.

Our extensive efforts produced the first complaint in the nation—one that served as the model

for many of the follow-on complaints. *See In re HSBC Bank USA, N.A. Debit Card Overdraft

Fee Litig.*, No. 13-MD-2451, 2013 WL 3816597, at *10-11 (E.D.N.Y. July 22, 2013) (time and

resources spent investigating complaint is a substantial factor in appointing interim class

counsel); *In re Apple iPhone Antitrust Litig.*, No. C 11-06714, 2012 WL 1514828, at *1 (N.D.

Cal. Apr. 9, 2012) (appointing counsel who "invested significant time researching and

investigating the potential claims").

As part of our pre-complaint investigation, we retained Auctionomics, a consulting firm

known worldwide for its expertise in auctions, to analyze publicly-available trading data. The

U.S. Treasury Department itself has sought out Auctionomics for advice. *See generally* pp. 2-3

above. Auctionomics analyses were subsequently included in our two complaints. In addition to

working with Auctionomics, Labaton Sucharow worked with PF2 Securities, experts who are

well-versed in the Treasuries market, to provide additional factual support for the complaints.

Cohen Milstein and Quinn Emanuel similarly engaged top-caliber experts: Dr. Romy Abrantes-

Metz of Global Economics Group, Fideres, and Dr. Michael Hartzmark—to develop the complementary analyses included in their complaints. Thus, the expert support already engaged is unrivaled by any other counsel seeking appointment as interim co-lead counsel.

Labaton Sucharow also relied on its own resources by working with its in-house financial analysts and investigators who assisted in researching and developing the facts alleged in the complaints. Our investigation further included: (1) researching industry reports and other publications on the market for Treasury instruments and related derivative products; (2) reviewing defendants' public statements and other filings regarding the Treasuries market; (3) conducting legal research in support of the claims; and (4) monitoring the on-going government investigations.

Thus, our first-filed complaint on behalf of Boston Retirement, as well as the complaint filed a day later for Arkansas Teacher, resulted from our independent work. There was no government action outlining a claim, much less any guilty plea or consent agreement, nor any other civil cases to consult. To the contrary, our independently-developed pleading was the one that many other plaintiffs adopted in whole or in part. *See Mun. Derivatives*, 252 F.R.D. at 186 (appointing counsel who "filed the first complaints in this case, and the subsequent complaints filed…[were] substantially similar to those initial filings").[1]

Once other cases began to be filed in other districts, we initiated the MDL proceedings before the JPML in order to efficiently advance the litigation. We also argued the motion to transfer to this Court, with Quinn Emanuel.

After the Court issued its June 13 Case Management Order (Dkt. No. 35), which appointed Temporary Co-Lead Counsel for the plaintiffs, Mr. Himes, Ms. Gay, and Mr. Richards

---

[1] We mention the follow-on actions not as a criticism of any other firm, but rather as indicative of the quality of our independent work, which others recognized.

9

worked cooperatively to assure compliance with the Court's Order and to move this case forward in a productive and efficient manner. They have vigorously represented the interests of the Class and of all plaintiffs' counsel in presenting to the Court organizational recommendations and a case status letter, while also negotiating with defense counsel the proposed conference agenda and case schedule that formed the basis for the August 22 conference with the Court. As a result, this complex case has started off on the right foot, and will continue on that course with the appointment of these three firms as Interim Co-Lead Counsel.

> ### B. Labaton Sucharow, Cohen Milstein, and Quinn Emanuel are Highly Experienced in Handling Complex Antitrust Class Action Litigation

Labaton Sucharow's nationally-recognized Antitrust & Competition Litigation Practice has earned the highest ratings from the premier legal ranking organizations, as have their counterpart groups at Cohen Milstein and Quinn Emanuel. *See* pp. 4-5, above.

Jay Himes, co-chair of Labaton Sucharow's Antitrust & Competition Practice Group, will lead the case for our firm. Mr. Himes has over 40 years of experience handling antitrust and other complex litigations for both plaintiffs and defendants. A well-respected antitrust practitioner, Mr. Himes was selected by the Honorable William H. Orrick III as monitoring trustee in the Department of Justice's merger victory after trial in *United States v. Bazaarvoice, Inc.*, No. 13-cv-00133 (N.D. Cal.). In that capacity, Mr. Himes is responsible for monitoring Bazaarvoice's compliance with its obligations during the final judgment's four-year term.

Before joining Labaton Sucharow in 2008, Mr. Himes served for nearly eight years as Chief of the Antitrust Bureau of the New York Attorney General's Office, widely recognized as one of the leading State antitrust enforcers. There, he served as the States' principal representative in the marathon 2001 negotiations that led to settlement of the governments' landmark monopolization case against Microsoft. Upon court approval of the settlement, Mr.

Himes partnered with DOJ officials to lead the Microsoft judgment monitoring and enforcement effort, activity that continued throughout his time at the Attorney General's office.

While New York's chief antitrust official, Mr. Himes also led significant, high-profile antitrust investigations and enforcement actions. Under his leadership, New York, working with other States and members of the private bar, recovered hundreds of millions of dollars for antitrust victims in civil price-fixing and monopolization cases. The New York Bureau also secured the two largest antitrust civil penalty recoveries ever achieved under the State's antitrust statute.

Prior to serving in the Attorney General's office, Mr. Himes practiced complex litigation for 25 years at Paul, Weiss, Rifkind, Wharton & Garrison LLP. There, he represented the 12 Federal Reserve Banks as plaintiffs in a price-fixing case against the nation's leading armored car companies, and defended a Revlon healthcare company in a series of price-fixing cases that spanned nearly a decade. Additionally, Mr. Himes handled a wide range of litigation, including securities class actions as well as contract, construction, constitutional, entertainment, environmental, real property, and tax litigation.

Mr. Himes is a past chair of the Antitrust Section of the New York State Bar Association and received the group's 2014 award for distinguished service to the section and the legal profession. He has lectured and presented on panels covering such topics as antitrust litigation and investigations, class actions, and international arbitration not only in the United States, but also in Geneva, Hanoi, Lisbon, Sao Paolo, Vienna, Winterthur and Zurich. *Chambers USA* sources have described Mr. Himes as an "aggressive litigator with a broad knowledge of the law," and *The Legal 500*'s sources called him "a very solid and highly experienced antitrust lawyer."

Gregory Asciolla is Mr. Himes' co-chair of Labaton Sucharow's Antitrust & Competition Practice Group. He is a seasoned antitrust practitioner with over two decades of wide-ranging experience, including with the government and a top defense firm. Since joining Labaton Sucharow, Mr. Asciolla has obtained many significant victories in antitrust class actions, including *In re Air Cargo Shipping Services Antitrust Litigation* (over $1.2 billion in settlements). Mr. Asciolla began his career at the Department of Justice's Antitrust Division. As a trial attorney in the Healthcare Task Force, he focused on prosecuting anticompetitive conduct in the healthcare industry, including taking two cases to trial.

Under Mr. Asciolla's stewardship, Labaton Sucharow has spearheaded the firm's focus on litigation against major financial institutions for their alleged manipulation of various financial benchmarks and products. He currently serves as co-lead or class counsel in several major antitrust and commodities class actions relating to financial benchmarks and products, including cases involving price-fixing and manipulation in the markets for platinum and palladium, interest rate swaps (ISDAfix benchmark) (with Quinn Emanuel), foreign exchange, and supranational, sub-sovereign, and agency bonds.

Mr. Asciolla was recently named "Titan of the Plaintiffs Bar" by *Law 360*, and he was recommended by *The Legal 500* for being "very effective plaintiffs' counsel" and for "always act[ing] with a good degree of professionalism."

Regularly serving as sole lead or co-lead counsel, Labaton Sucharow's Antitrust & Competition Practice Group has achieved many outstanding results in antitrust class actions throughout the country involving price-fixing, monopolization, and commodity price manipulation, recovering over $2 billion on behalf of injured consumers. Below is a sampling of Labaton Sucharow's significant representations:

**Cases With Settlements:**

❖ ***In re Air Cargo Shipping Services Antitrust Litigation*, MDL No. 1775 (E.D.N.Y.)**: The firm served as co-lead counsel from 2006-2013 in a case alleging that over 40 international airlines participated in a global conspiracy to increase prices for air cargo shipping services. Plaintiffs obtained over $1.2 billion in total settlements.

❖ ***In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 13-cv-07789 (S.D.N.Y.)**: The firm serves as class and allocation counsel in an action alleging that dealer banks, as the major foreign exchange dealers, conspired to manipulate the price FX transactions. Plaintiffs have secured over $2 billion in partial settlements to date.

❖ ***Alaska Electrical Pension Fund v. Bank of America, Corp., et al. ("ISDAfix")*, No. 14-cv-7126 (S.D.N.Y.)**: The firm serves as class counsel in a case alleging that major banks conspired to manipulate ISDAfix, a key benchmark for valuing various interest rate derivatives. Plaintiffs have secured $324 million in partial settlements to date.

❖ ***In re Natural Gas Commodity Litigation*, No. 03-cv-06186 (S.D.N.Y.)**: The firm served as co-lead counsel in a case involving claims of price manipulation for natural gas, resulting in one of the largest class action recoveries in the history of the Commodity Exchange Act—over $100 million for the class.

❖ ***In re Aftermarket Automotive Lighting Products Antitrust Litigation*, No. 09-ml-02007 (C.D. Cal.)**: The firm served as co-lead counsel and obtained more than $50 million in settlements of claims that several manufacturers conspired to fix the prices of aftermarket auto lights.

**On-Going Cases:**

❖ ***In re Platinum and Palladium Antitrust Litigation*, 14-cv-09391 (S.D.N.Y.)**: The firm serves as co-lead counsel in a case alleging that the world's major platinum and palladium dealers conspired to fix the prices of these precious metals and financial products derived from them.

❖ ***In re Opana ER Antitrust Litigation*, No. 14-cv-10150 (N.D. Ill.)**: The firm serves as co-lead counsel in a case alleging a conspiracy between branded and generic pharmaceutical companies to restrain competition via a "pay-for-delay" patent litigation settlement.

❖ ***Boston Retirement System v. Bank of America, N.A., et al.*, No. 16-cv-3711 (S.D.N.Y.)**: The firm serves as class counsel and filed the first complaint in the nation alleging that dealer banks colluded to fix the prices of supranational, sub-sovereign, and agency bonds.

The Firm's Antitrust & Competition Practice Group also has an experienced and

dedicated team of Of Counsel and Associate attorneys, all of whom have substantial antitrust

experience and have come from top defense firms and government agencies. In addition, the firm

will draw on the experience and expertise of its nationally-recognized Securities Litigation

Group, which can provide invaluable insight on the financial markets and products at issue here,

as well as analysis from its data team. *See* Declaration of Jay L. Himes, Exhibit 1 (Labaton

Sucharow antitrust firm resume) for additional information.

> ### C.    Labaton Sucharow, Cohen Milstein, and Quinn Emanuel Have the Resources to Effectively Represent the Best Interests of the Proposed Class

Labaton Sucharow has committed, and will continue to commit, the considerable

financial and personnel resources necessary to effectively prosecute this case on behalf of the

proposed Class. We have already invested substantial funds for expert services, and dedicated

hundreds of hours of attorney and other professional time in our independent investigation. But

perhaps the best proof of the firm's resources and capabilities is in our track record: throughout

the decades that the firm has prosecuted complex actions, it has repeatedly and consistently

advanced litigation costs in matters of equal or greater size than the present case. And in doing

so, the firm has successfully litigated matters through settlements, trials, and appeals. Labaton

Sucharow's resources, whether alone or combined with the similarly ample resources of Quinn

Emanuel and Cohen Milstein, provide the wherewithal to litigate this case vigorously and

effectively against the largest banks in the world, represented by many of the largest defense

firms.

Finally, and importantly, we will strictly manage the time spent and the costs incurred in

litigating this matter. We will circulate guidelines covering time and expenses for all counsel

working on the matter, and regularly monitor such time and expenses to ensure the case is being

litigated efficiently. In doing so, we recognize that we have a duty to efficiently and cost-

effectively manage the case, thus ultimately maximizing the potential recovery for the proposed Class.

## CONCLUSION

For the foregoing reasons, we respectfully request that Labaton Sucharow be appointed Interim Co-Lead Class Counsel, along with Cohen Milstein and Quinn Emanuel.

Dated: September 2, 2016    **LABATON SUCHAROW LLP**

          /s/ Jay L. Himes
         JAY L. HIMES
         GREGORY S. ASCIOLLA
         KARIN E. GARVEY
         ROBIN A. VAN DER MEULEN
         MATTHEW J. PEREZ
         140 Broadway
         New York, NY 10005
         Tel: (212)-907-0700
         Fax: (212)-818-0477
         jhimes@labaton.com
         gasciolla@labaton.com
         kgarvey@labaton.com
         rvandermeulen@labaton.com
         mperez@labaton.com

         *Counsel for Plaintiffs Boston Retirement System*
         *and Arkansas Teacher Retirement System*